HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROVIDENCE HEALTH SYSTEM-WASHINGTON, a Washington nonprofit corporation, doing business as PROVIDENCE HORIZON HOUSE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. BUSH, in his role as Trustee of the Sarah Block Special Needs Trust, and TERRI BLOCK, in her role as Guardian of the Person and Estate of SARAH BLOCK,<br><br>Defendants. | Case No. C06-5268RBL<br><br>ORDER |

This matter comes before the Court on motions by the Trustee [Dkt. #46] and by the Guardian [Dkt. #50] for attorney fees and costs incurred in defending the current action. This Court previously granted defendants' motion for summary judgment dismissing the action [Dkt. #66]. Fees and costs are requested pursuant to 29 U.S.C. §1132.

The substantive and procedural facts of this case are familiar to the parties and will not be repeated here except where relevant to the Court's decision.

Plaintiff opposes any award of fees or costs and offers both party-specific and general application arguments to support its position. Each argument is addressed in turn.

ORDER
Page - 1

## I. "Costs" of the Trustee.

Trustee Bush seeks reimbursement for trustee fees of $2,886 which he claims are recoverable costs. The trustee claims the fees were necessarily incurred in assisting defense counsel and reduced funds available to the plan beneficiary. Citing *Agredano v. Mutual of Omaha Companies*, 75 F.3d 541, 544 (9th Cir. 1996), plaintiff asserts that trustee fees are not "costs" allowed under 28 U.S.C. §1920 and are therefore not allowed under 29 U.S.C. §1132(g). Although requested as "costs," the fees incurred by the trustee reveal that, as a trained lawyer, he was part of the defense team and participated in the defense by researching the law, reviewing pleadings and communicating with counsel - both supporting counsel and opposing counsel. Of the 14.8 hours spent on the file, the Court has determined that 6.0 hours qualify for treatment as attorney fees for a total of $1,170.

## II. Attorney Fees of the Trustee.

The trustee also seeks reimbursement for attorney fees of $26,204.02. Plaintiff opposes this request claiming a district court has authority under Section 1132(g) to award attorney's fees only in an action involving a participant, beneficiary, or fiduciary of a fund covered by ERISA. *See Downey Community Hospital v. Wilson*, 977 F.2d 470, 474 (9th Cir. 1982). Plaintiff argues that a special needs trustee is neither a participant, beneficiary nor fiduciary of an ERISA fund and therefore is not entitled to attorney's fees under 29 U.S.C. §1132(g).

The statute in question succinctly states:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. §1132(g)(1).

This action was initiated by Providence as a fiduciary of an ERISA plan to obtain "appropriate equitable relief" under 29 U.S.C. §1132. Complaint, para. 4 [Dkt. #1]. The entity sued pursuant to 29 U.S.C. §1132 was the trustee of the special needs trust for Sarah Block. Common sense and the plain meaning of the statute compel a determination that the trustee, as a <u>party</u> to an <u>action</u> initiated under <u>this subchapter</u> by a plan <u>fiduciary</u> is eligible for attorney's fees and costs allowable within this Court's discretion.

ORDER
Page - 2

**III.     Attorneys Fees of the Guardian.**

Here, plaintiff argues that attorney fees are not allowable because the guardian was not sued under ERISA but only for breach of contract. The question for the guardian was ultimately the same as for the trustee: Was the plan beneficiary obligated to reimburse the plan before being made whole by third party settlement funds? Given her significant interest in the resolution of that question, the guardian was allowed by the court to fully participate in the debate. Her actions were aimed at retaining the trust corpus for the benefit of her injured daughter. Plaintiff's claim against the guardian was not just factually related to the ERISA claim, it was essentially the same claim. The claim against the trustee asserted a constructive trust over funds plaintiff claims rightly belonged to it under the reimbursement provisions of the ERISA plan. The claim against the guardian was that the guardian breached the ERISA plan obligations by funding the special needs trust with third party settlement monies rather than paying those funds (less attorney fees) over to plaintiff.

Because the ERISA claim and the breach of contract claim were inexorably intertwined and because the participation of the guardian/plan participant was deemed by the Court essential to the vindication of legitimate claims, the guardian is also eligible for an award of attorney fees. The rationale of *Downey Community Hospital, supra,* does not apply to the facts of this case.

**IV.     The *Hummell* Factors.**

In order to determine the appropriateness of an award of fees, the Court should generally consider five factors: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

In its order of November 8, 2006, this Court opined that the *Hummell* factors weighed against a recovery of fees and costs by any party. In evaluating the *Hummell* factors, the Court noted that "no culpability or bad faith" was evident from any party. Rather, "[i]mportant issues within a rapidly evolving body of law have been presented for the Court's determination." Court Order, November 8, 2006, 13:8-12 [Dkt. #41].

The Court finds that of the five *Hummell* factors, only factor 5 favors defendants' claim for fees. In the absence of bad faith or culpability (factor 1) there is no need to make an example of a party in order to deter others (factor 3). The mere ability to satisfy an award of fees (factor 2) should not be the determinative factor. Here, it is difficult to say that the prevailing parties sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA (factor 4) given their active efforts to place the settlement funds beyond the legal reach of the plan administrator. It is fair to say that defendants were brought to Court reluctantly and that their sole objective was to maintain their control over third party settlement funds.

The relative merits of the parties' positions (factor 5) does, however, cut in defendants' favor. As developed in multiple pleadings filed with this Court, plaintiff's objective here was to recover all of the monies it had paid for Sarah Block's care and to avoid paying future medical expenses incurred after trust assets were spent. The plaintiff asserts that so long as a plan beneficiary has access to some funds (regardless the amount) from a third party, including government, to pay medical expenses then the plan has no obligation to pay benefits. That position is not tenable given a fair reading of the plan or the reasonable expectations of plan beneficiaries.

A court need not find that all factors weigh in favor of the movant in order to direct an award of attorney's fees. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). Application of the *Hummell* factors must recognize the remedial purpose of ERISA in favor of participants and beneficiaries. *Honolulu Joint Apprenticeship and Training Committee of United Assoc. Local Union No. 675 v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003).[1] Accordingly, "a plan participant or beneficiary, if [s]he prevails in [her] suit under §1132 to enforce [her] rights under [her] plan, should ordinarily recover an attorney's fee unless special circumstances render such an award unjust." *Carpenters Health and Welfare Trust for Southern California v. Vanderhan*, 384 F.3d 667, 674 (9th Cir. 2004).

Plaintiff contends that four special circumstances argue against an award of attorney fees in this case:

---

[1] Plaintiff suggests that *Foster* holds that factor 5 alone is not a sufficient basis upon which to award attorneys fees. The Court disagrees with plaintiff's interpretation of *Foster*. In *Foster*, the Court held that factor five alone is not enough to conclude that the Court abused its discretion in denying fees. 332 F.3d 1234, 1240.

ORDER
Page - 4

1)     the guardian did not incur any additional attorney fees in defending this action because the prior contingent fee agreement required counsel to deal with all outstanding and ongoing liens;

2)     neither the guardian nor the trustee had to initiate litigation to obtain withheld benefits;

3)     because plaintiff has paid medical expenses to date, the guardian is not in a position to invoke the remedial purposes of ERISA;

4)     to the extent the *Vanderhan* decision supports an award of attorney fees to a defendant beneficiary who did not bring suit to enforce rights under ERISA against an employer or insurer it is no longer good law in the Ninth Circuit.

With regard to items 2-4 above, this Court finds no meaningful distinction between an action to secure benefits unlawfully withheld to a beneficiary and defense of an action seeking to remove those same benefits once conferred. In this case, the result is the same were the beneficiary to lose. The need to incur legal fees in order to vindicate valuable rights is identical. No special circumstance is present because the beneficiary defended in order to retain benefits rather than sued in order to obtain benefits.

As for the contingency fee agreement, the Court is of the view that although no additional fee was paid by the guardian to secure the handling of "outstanding and ongoing liens" that does not mean that fees could not be allocated to that endeavor. The guardian paid a significant sum to secure the services of her lawyers. Those services included handling liens. If in the course of handling those liens, counsel are entitled to recoup those fees dedicated to the resolution of those liens, that money should be returned to the trust for the benefit of Sarah Block. The prepayment of legal fees in the form of a contingent fee agreement is not a special circumstance precluding the award of fees.

## V.   Reasonableness of Fees and Costs.

Plaintiff does not dispute the reasonableness of rates charged or the time spent by the attorneys submitting claims. The Court has independently reviewed the bills and finds them to be reasonable.

## CONCLUSION

The trustee's motion for attorney fees and costs [Dkt. #46] is **GRANTED** in the amount of $1,170 for the trustee and **$26,204.02** for his retained law firm.

The guardian's motion for attorneys fees and costs [Dkt. #66] is **GRANTED** in the amount of **$22,639.72**.

All amounts paid pursuant to this Order shall be paid to the Trustee, in the name of the Trustee, and it will be for the Trustee to determine the contractual obligations of the Trust to pay these monies out to representing law firms.

**IT IS SO ORDERED.**

DATED this 12th day of February, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE